**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROYALE HATCHER,
D.O.C. #X62027,**

    **Plaintiff,**

vs.                                                  Case No. 4:23cv481-WS-MAF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and with in forma pauperis status, initiated this case in early November 2023 by filing a complaint, ECF No. 1, and a "motion for order to show cause for a preliminary injunction and a temporary restraining order," ECF No. 3. Construed liberally, the motion is construed as a request for a preliminary injunction.

    Plaintiff's motion alleges that several prison officials - who are named as Defendants - used excessive and unnecessary force because Plaintiff has gender dysphoria. ECF No. 3 at 1. Two of the Defendants called him names, and then sprayed him with chemical agents on September 20,

2023.  *Id.*  Two additional Defendants allegedly "sexually assaulted"[1] Plaintiff and generally harassed him.  Plaintiff alleged that they placed him on "strip," have interfered with his mail, conducted excessive cell searches, and "are hindering" Plaintiff's access to the courts.  *Id.* at 2.  Plaintiff is in fear of retaliation and asserts that he is "likely to suffer irreparable harm" if a preliminary injunction or temporary restraining order is not ordered.  *Id.*  Plaintiff notes that the Defendants are employed at Wakulla Correctional Institution Annex where he is housed, and states that the warden was notified but has not "made the necessary changes to ensure" Plaintiff's safety.  *Id.*

Notably, Plaintiff's initial complaint, ECF No. 1, was reviewed and deemed insufficient to proceed.  Plaintiff was required to file an amended complaint.  ECF No. 5.  Plaintiff filed an amended civil rights complaint on November 20, 2023, ECF No. 7, but once again, the amended complaint was deemed insufficient because Plaintiff has not provided facts to support claims against either the Secretary or the Warden.  In an Order entered

---

[1] The allegation that Plaintiff was "sexually assaulted" is a conclusory assertion and unexplained.  Based on Plaintiff's statement of facts, it would appear that Plaintiff meant that Defendants verbally assaulted him because of Plaintiff's gender dysphoria.

Case No. 4:23cv481-WS-MAF

yesterday, Plaintiff was provided another opportunity to submit a second amended complaint.

An additional concern in this case is whether or not Plaintiff exhausted administrative remedies. The incidents alleged in this case occurred between September 20th and 28th, and the initial complaint was filed in this Court on November 3rd, having been mailed from the institution on November 1, 2023. ECF No. 1. Plaintiff has asserted that he met "the exhaustion requirement," but the basis for that assertion appears to be that Plaintiff submitted a "grievance to the highest office." *Id.* at 18. Attached to the complaint is an "emergency grievance" that was sent to the Secretary's Office. *Id.* at 22. There are two problems with that grievance. First, it was signed by Plaintiff on September 20, 2023, and would, obviously, not include allegations against two of the Defendants whose actions took place on September 28th. Second, the grievance was "not accepted as a grievance of an emergency nature" and was "returned" to Plaintiff without action. *Id.* at 24. Without more, it does not appear that Plaintiff exhausted administrative remedies and pursuant to 42 U.S.C. § 1997e(a), the case may potentially be dismissed if this affirmative defense is raised by the Defendants.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Plaintiff's original complaint and amended complaints have been insufficient to proceed, Plaintiff has not shown entitlement to a preliminary injunction. At this stage of the litigation, Plaintiff cannot show a "substantial likelihood of success on the merits" because he has been required to file a second amended complaint. Moreover, Plaintiff cannot show a substantial likelihood of success on the merits because of the possibility that this action will be dismissed for failure to exhaust administrative remedies.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction or temporary restraining order, ECF No. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2023.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:23cv481-WS-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.