# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROYALE HATCHER,**
**D.O.C. #X62027,**

    Plaintiff,

vs.                                              Case No. 4:23cv481-WS-MAF

**RICKY DIXON, et al.,**

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, filed an amended civil rights complaint, ECF No. 7, in late November 2023. The complaint was reviewed and deemed generally sufficient to state a claim against all Defendants except Secretary Dixon. Plaintiff was required to submit a second amended complaint by January 8, 2024, omitting claims against the Secretary. ECF No. 10. Plaintiff was warned that a recommendation would be made to dismiss this case if the complaint was not filed as directed. *Id.* As of this date, nothing further has

been received and it would appear that Plaintiff has abandoned this litigation.

That assumption is further supported by the fact that a Report and Recommendation was entered on December 7, 2023, recommending Plaintiff's motion for a preliminary injunction, ECF No. 3, be denied. ECF No. 11. Plaintiff did not file an objection to that recommendation, and an Order was entered on January 10, 2024, adopting the recommendation. ECF No. 12. In light thereof, Plaintiff has had numerous reminders that this litigation is pending. Yet Plaintiff has not filed the second amended complaint. Accordingly, it is recommended that this case be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore,

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not file a second amended complaint. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 19, 2024.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**